# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-4660-RGK (SKx)** | Date | July 6, 2017 |
|---|---|---|---|
| Title | **DUKE PARTNERS II, LLC v. LINDSAY T. KAN, et al.** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On June 23, 2017, Defendant Lindsay T. Kan ("Defendant"), representing herself in pro se, removed this action from state court to the United States District Court, Central District of California.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

As to federal question, Defendant has not set forth any federal law or portions of the Constitution that have been violated. The Court's careful review of the Complaint filed by Duke Partners II, LLC ("Plaintiff") on June 13, 2017, shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Accordingly, any removal based on federal question jurisdiction is improper.

As to diversity jurisdiction, the Complaint for unlawful detainer indicates on its face that the amount in controversy does not exceed $10,000. Federal Jurisdiction based on complete diversity requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. Since the unlawful detainer action does not meet the jurisdictional

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-4660-RGK (SKx)** | Date | July 6, 2017 |
|---|---|---|---|
| Title | **DUKE PARTNERS II, LLC v. LINDSAY T. KAN, et al.** | | |

threshold, Defendant's removal based on diversity jurisdiction is improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                   :

Initials of Preparer